IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE
AT GALLATIN

| | |
|---|---|
| PATRICK REENERS, an individual, on behalf of himself and all similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 2011-CV-173 |
| vs. | ) JURY DEMAND ) |
| VERIZON COMMUNICATIONS, INC. and VODAFONE GROUP, PLC, as joint venturers d/b/a VERIZON WIRELESS, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, ALLTEL COMMUNICATIONS, LLC d/b/a VERIZON WIRELESS, VERIZON WIRELESS (VAW) LLC, and VERIZON WIRELESS SERVICES, LLC, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, Patrick Reeners, on behalf of himself and all others similarly situated, and for his Amended Complaint against the Defendants, Verizon Communications, Inc. and Vodafone Group, Plc., as joint venturers d/b/a/ Verizon Wireless; Cellco Partnership d/b/a Verizon Wireless; Alltel Communications, LLC d/b/a Verizon Wireless; Verizon Wireless (VAW) LLC; and Verizon Wireless Services, LLC, alleges as follows:

1. Plaintiff Patrick Reeners ("Reeners" or "Plaintiff") is an individual residing in Gallatin, TN.

2. Defendants Verizon Communications, Inc. and Vodafone Group, Plc. Have formed a joint venture and do business under the name Verizon Wireless. This joint venture is headquartered in Basking Ridge, N.J.

3. Defendant Cellco Partnership d/b/a Verizon Wireless is a general partnership with its Headquarters in Basking Ridge, New Jersey. Defendant regularly conducts business in the state of Tennessee and is registered with the Tennessee Secretary of State.

4. Defendant Alltel Communications, LLC d/b/a Verizon Wireless, is a Delaware limited liability corporation with its Headquarters in Basking Ridge, New Jersey. Defendant regularly conducts business in the state of Tennessee and has a registered agent in the state located at 800 S Gay Street, Suite 2021, Knoxville, TN 37929.

5. Defendant Verizon Wireless (VAW) LLC is a Delaware limited liability corporation with its Headquarters in Basking Ridge, New Jersey. Defendant regularly conducts business in the state of Tennessee and has a registered agent in the state located at 800 S Gay Street, Suite 2021, Knoxville, TN 37929.

6. Defendant Verizon Wireless Services, LLC is a Delaware limited liability corporation with its Headquarters in Basking Ridge, New Jersey. Defendant regularly conducts business in the state of Tennessee and has a registered agent in the state located at 800 S Gay Street, Suite 2021, Knoxville, TN 37929.

7. The named defendants shall hereafter be referred to as "Verizon."

8. Jurisdiction and venue are proper in this Court.

9. Verizon is one of the nation's largest wireless communications service providers. It employs more than 82,000 employees and reported 102.2 million wireless customers at the close of the fourth quarter 2010. Verizon also reported $63.4 billion in revenue for 2010.[1]

10. Reeners contacted a Sales Associate for Verizon by telephone around late July or early August to inquire about service plans Verizon offered to cellular phone customers.

11. After the Sales Associate explained the various plans offered by Verizon, Reeners told the sales associate that he still wanted to "shop around."

12. The Sales Associate then told Reeners that if he entered into a Verizon wireless service plan at that moment, the Sales Associate would waive all activation fees associated with Reeners' wireless plan.

13. The activation fees for the plan would have totaled approximately $70.

14. Reeners agreed to enter into a service contract with Verizon because of the waived activation fees promised by the Sales Associate.

15. Reeners also told the Sales Associate to block all services on his plan except incoming and outgoing phone calls within the United States. Reeners specifically requested that all text messages, data usage, and international phone calls were blocked on his account.

16. The Sales Associate assured Reeners that all services would be blocked on his account except for incoming and outgoing phone calls within the United States.

17. Upon receiving his first billing statement, Reeners learned that Verizon had billed his account for $70 in activation fees.

18. Reeners immediately called Verizon's Customer Service department after receiving the billing statement and disputed the activation fees. Reeners explained to the

---

[1] http://aboutus.vzw.com/ataglance.html

3

Customer Service Representative ("CSR") that the Sales Associate who signed Reeners up for a service plan had promised to waive all activation fees in exchange for Reeners entering into a service plan with Verizon.

19. The CSR told Reeners that Sales Associates did not have sole authorization to waive activation fees, but there was a note on the account which said to waive all activation fees.

20. The CSR then waived the activation fees on Reeners' account.

21. Reeners was never told by any Verizon employee that he was required to call the Customer Service Department in order for the activation fees to be waived.

22. Reeners was billed for text messages and data usage on his second or third billing statement, even though he specifically told Verizon to block these services.

23. Upon contacting the Customer Service Department, the charges on Reeners Verizon account for the text messages and data usage were waived.

24. On a subsequent billing statement, Reeners was billed for an international phone call, even though he specifically requested Verizon to block all international calls on his account.

25. Due to Verizon's inability to honor its representations made to Reeners upon the commencement of his service contract, Reeners contacted Verizon on approximately October 28, 2010 and requested the termination of his account.

26. Verizon has contacted Reeners on multiple occasions since the termination of his account, insisting that Reeners owes Verizon over $500 in early termination fees and for one month of service.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on his own behalf and as a class action under the provisions of Rule 23 of the Tennessee Rules of Civil Procedure, on behalf of a Class defined to include: "all persons in the United States who have purchased Verizon service plans and been subject to charges for activation fees and/or telecommunications charges that Verizon agreed to waive and/or not charge as part of said plans." Expressly excluded from the Class are: Verizon and its affiliates, subsidiaries and co-conspirators; the trial judge and his or his family, any federal, state and local government purchasers, and anyone other than Plaintiff seeking to recover for Verizon's breach of contract, omissions and misrepresentations.

28. While the exact number and identity of the Class members are presently unknown to Plaintiff, this information should be available to Verizon in the regular course of its business. Because of the large number and disparate location of the Class members, the Class is so numerous that the joinder of all its members would be impractical.

29. Since Verizon acted on grounds generally applicable to the entire Class, the following common questions of law and fact predominate over any questions pertinent to individual Class members:

a. Whether Verizon breached its contracts with Plaintiffs by imposing activation fees in contravention of the terms of its agreements with Plaintiffs.

b. Whether Verizon breached its contracts with Plaintiffs by imposing fees for telecommunications services that were not properly billable under the terms of said contracts.

c. Whether Verizon maintained a company policy whereby its representatives offered to waive activation fees that were then, despite employees' representations, charged to customers.

5

d. Whether Verizon maintained a company policy whereby its representatives offered to block certain telecommunications services or charges therefor and then, despite said representations, did not in fact block those services and billed for them.

e. Whether Verizon's representations constituted fraud.

f. Whether Verizon violated the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-101 et seq.) when it stated that it would not charge activation fees and other fees and then imposed those fees despite its representations to the contrary.

g. Whether Verizon should be enjoined from making representations about activation fees and other charges without first establishing processes and procedures to ensure that it can uniformly carry out the actions required to make said representations true and accurate.

h. The appropriate measure of damages arising out of Plaintiffs' purchase of Verizon plans and payment of "waived" activation fees and other charges, of the sort described herein.

30. Plaintiff's claims are typical of the claims belonging to the absent Class members. All of the Class members were damaged as a result of Verizon's breach of contract, omissions and misrepresentations which were materially consistent for all Class members. Plaintiff and the Class members were damaged as a result of purchasing Verizon plans which generated unauthorized activation fees and charges for unauthorized telecommunications services.

6

31. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff purchased a Verizon plan, shares common, non-antagonistic goals with all Class members, including the recovery of consideration that he and other members of the Class paid to purchase the Verizon Plans.

32. Plaintiff is represented by competent counsel experienced in the prosecution of class action litigation.

33. The prosecution of separate actions by individual Class members with respect to the claims asserted by the Class would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Verizon.

34. The common questions of law and fact identified above predominate over any questions affecting only individual members.

35. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. The Class is readily definable and is one for which sales records exist. Prosecution as a class action will eliminate the possibility of repetitious litigation, while also providing redress for claims too small to support the expense of individual complex litigation. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

## COUNT I

## BREACH OF CONTRACT

7

36. Each paragraph of this Complaint is incorporated by reference as if fully stated herein.

37. This claim is asserted by Plaintiff on his own behalf and on behalf of all other similarly situated members of the Class against Verizon.

38. The service contract entered into by Reeners and Verizon was a valid and enforceable contract.

39. Under the terms of the service contract, Verizon was to waive the activation fee and not charge Reeners for anything other than incoming and outgoing calls within the United States.

40. Verizon breached the service contract when it charged Reeners the activation fee that it expressly promised Reeners would not be charged.

41. Verizon also breached the service contract when it charged Reeners for additional services beyond incoming and outgoing calls within the United States.

42. As a result, Reeners is entitled to recover his damages.

## COUNT II

### FRAUD

43. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

44. This claim is asserted by Plaintiff on his own behalf and on behalf of all other similarly situated members of the Class against Verizon.

45. As alleged herein, Verizon represented that it would waive activation fees and other charges.

46. Verizon knew that this statement was false when made or made them with reckless disregard for the truth.

47. Plaintiff and Class members relied on Verizon's false statements.

48. Plaintiff and Class members would not have purchased Verizon phone plans had they known that Verizon did not intend to carry out its promises, namely, to waive activation fees and other charge, as described herein.

49. As a direct and proximate result of Verizon's misrepresentations, Plaintiff and the Class members suffered damages as alleged herein.

## COUNT III

## FRAUDULENT INDUCEMENT

50. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

51. This claim is asserted by Plaintiff on his own behalf and on behalf of all other similarly situated members of the Class against Verizon.

52. In addition to the claims made in paragraphs 41 through 43, Verizon's statements were made with the specific intent to induce Plaintiff and Class members to enter into a contract with Verizon, even though Plaintiff and Class members had no duty to enter into a contract with Verizon

53. Plaintiff and Class members would not have purchased Verizon phone plans had they known that Verizon did not intend to carry out its promises, namely, to waive activation fees and other charge, as described herein.

54. As a direct and proximate result of Verizon's misrepresentations, Plaintiff and the Class members suffered damages as alleged herein.

9

## COUNT IV

### NEGLIGENT MISREPRESENTATION

55. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

56. This claim is asserted by Plaintiff on his own behalf and on behalf of all other similarly situated members of the Class against Verizon.

57. In making the misrepresentations complained of herein, Verizon was acting in the course of its business, and in the context of a transaction in which it had a pecuniary interest.

58. In making the misrepresentations complained of herein, Verizon supplied faulty information meant to guide Plaintiffs – namely, that it would waive activation fees and block or not make other charges, as described herein.

59. But for Verizon's repeated misstatements, the Plaintiff and the Class would not have purchased Verizon's product.

60. As a direct and proximate result of Verizon's misrepresentations, Plaintiff and the Class members suffered damages as alleged herein.

## COUNT V

### VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

61. Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

62. This claim is asserted by Plaintiff on his own behalf and on behalf of all other similarly situated members of the Class against Defendants.

63. The Tennessee Consumer Protection Act of 1977 (T.C.P.A.) prohibits unfair or deceptive acts or practices affecting trade or commerce in this state.

64. The policies, acts and practices of Defendant alleged herein were intended to and/or did result in violations of the T.C.P.A., Tenn. Code Ann. § 47-18-104.

65. Defendant entered into and engaged in continuing unfair and deceptive business practices by intentionally selling to the Plaintiff and other members of the public, as described above, service packages that included charges for services that Verizon had agreed to waive or block, all in violation of the T.C.P.A.

66. Plaintiff and Class members have been, and will continue to be, injured in his money, property, and person.

67. Pursuant to Tenn. Code Ann. § 47-18-109, Plaintiff and Class members demand all relief reasonable, necessary and proper to remedy all damages in this case.

68. Further, Plaintiff and Class members seek treble damages under the T.C.P.A., §§ 47-18-109 et seq., because Defendants' misconduct has been willful, wanton, intentional, knowing and/or reckless.

69. Treble damages are necessary and proper here to punish Defendant for its unlawful conduct and deter Defendant (and others) from repeating the conduct complained of herein.

70. Plaintiff reserves the right to allege other violations of law which constitute unlawful business acts or practices.

## COUNT VI

### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT, N.J. Stat. §§ 56:8-1 et seq.

71. Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully set forth herein.

72. This claim is asserted by Plaintiff on his own behalf and on behalf of all others similarly situated members of the Class against Verizon.

73. This count is brought against defendant Verizon pursuant to the New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1 et seq. Defendant Verizon is a Delaware limited liability corporation with its Headquarters in Basking Ridge, New Jersey.

74. Plaintiff is a resident of the State of Tennessee and upon information and belief, the telephone call made to a Verizon Sales Associate was answered in New Jersey or New Jersey is the place where a substantial amount of the policies affecting Plaintiff's interactions with Verizon were formulated and implemented.

75. The New Jersey Consumer Fraud Act prohibits any "[f]raud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice." N.J. Stat. § 56:8-2.

76. Further, the Act prohibits any "knowing, concealment, suppression or omission of any material fact with the intent that others rely upon such concealment, suppression or omission in connection with the sale . . . of any merchandise . . ." N.J. Stat. § 56:8-2.

77. Plaintiff Reneers and class members reasonably expected that the promises made by Verizon sales associates in the sale of Verizon's Plans and related products and services would be carried out and honored by Verizon.

78. Verizon's statements that activation fees would be waived and that Plaintiff would not be charged for anything other than incoming and outgoing domestic calls were highly material to decisions made by Plaintiff and the Class members to purchase the Verizon Plans.

12

Verizon knew that these representations would not be carried out when Verizon made them. Plaintiff and Class members reasonably and justifiably relied on such statements to their detriment. But for the deceptive representations of Verizon as alleged herein, Plaintiff and Class members would not have purchased the Verizon Plans.

79. Defendant Verizon should have had knowledge of these false statements, and was informed about the false statements from the numerous consumer complaints relating to the false representations made by its sales associates in the sale of Verizon products and services.

80. Plaintiff Reneers and class members were not aware that the statements were false at the time of sale.

81. Verizon failed to inform consumers about the misrepresentations, even after receiving numerous consumer complaints and published stories and analyses concerning the problem. Despite this knowledge, Verizon continued to make such misrepresentations.

82. Had Plaintiff and class members known that the promises made by sales associates in the sale of Verizon products and services were false, they would not have purchased them because the existence of the misrepresentations related to a material fact to the transaction. Verizon, at all relevant times, knew or should have known Plaintiff Reneers and Class members did not know or could not have reasonably discovered the falsity prior to their purchases.

83. By paying monies for Verizon products and services, Plaintiff and class members have suffered an ascertainable loss.

84. The conduct by Verizon constitutes a violation of New Jersey's Consumer Fraud Act and entitles Plaintiff and class members to relief under this statute of statutory and actual damages, injunctive relief, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. The Court enter an order certifying this action as a proper class action and appointing Plaintiff as the Class representative;

B. That a jury be impaneled to decide questions of fact and damages;

C. That this Court find, adjudge and decree that Verizon engaged in wrongful conduct and that the Court award Plaintiff and the Class members the full consideration they paid for the Verizon Plans;

D. That Plaintiff and the Class members, to the greatest extent allowed by law, be awarded pre-judgment and post-judgment interest at the highest legal rate from and after the date of service of this Complaint;

E. That Plaintiff Patrick Reeners be awarded damages on an individual basis for his physical injuries and associated pain and suffering;

F. That Plaintiff Patrick Reeners and the members of the Class be awarded treble damages under the Tennessee Consumer Protection Act, §§ 47-18-101 et seq.;

G. That Plaintiff Patrick Reeners and the members of the Class be awarded all damages permitted by the New Jersey Consumer Fraud Act, §§ N.J. Stat. §§ 56:8-1 et seq.

H. That the Court enter an order granting such equitable relief as may be appropriate and permitted by law and equity, including but not limited to permanent injunctive relief

directing Verizon to correct its false statements and remedy its omissions with respect to the sale of its products and service and to provide adequate warnings with respect to all misrepresentations made by its sales associates relating to the sale of Verizon products and services;

I. That the Court direct an accounting to determine all sums earned by Verizon as a result of the sales of the Verizon Plans, and imposing a constructive trust on any such sums so as to assure Plaintiff and the Class members of an adequate and effective remedy;

J. That Plaintiff and the Class members recover his costs of this suit, including reasonable attorneys' fees, as provided by law; and

K. That Plaintiff and the Class members receive such other and further relief allowed for in law or equity, including but not limited to compensatory and punitive damages, as the Court may deem just and proper.

Respectfully submitted,

CHARLES P. YEZBAK, III (#18965)
R. CAMERON CALDWELL (#29084)

**YEZBAK LAW OFFICES**
Attorneys for Plaintiff
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615) 250-2000
(615) 250-2020 Facsimile
yezbak@yezbaklaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served this the 3rd day of June, 2011 via first class U.S. Mail, upon the following:

Shelby R. Grubbs
Travis B. Swearingen
B. Hart Knight
Miller & Martin PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2433
(615) 244-9270

*Attorneys for Defendant*

/s/ R. Cameron Caldwell
R. Cameron Caldwell