IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICK REENERS )
)
v. ) NO. 3-11-0573
) JUDGE CAMPBELL
VERIZON COMMUNICATIONS, INC., )
et al. )

MEMORANDUM

Pending before the Court are Defendants' Motion to Compel Arbitration and to Stay Proceedings (Docket No. 10) and Plaintiff's Motion to Deny Without Prejudice or to Defer Ruling on Defendants' Motion to Compel Arbitration and to Stay Proceedings (Docket No. 16). For the reasons stated herein, Defendants' Motion is GRANTED, and Plaintiff's Motion is DENIED.

FACTS

This action arises from a contract agreement between Plaintiff and Defendants. Plaintiff's Amended Complaint, originally filed in the Circuit Court for Sumner County, Tennessee, alleges breach of contract, fraud and fraudulent inducement, negligent misrepresentation, violations of the Tennessee Consumer Protection Act and violations of the New Jersey Consumer Fraud Act. Docket No. 1-2.

Plaintiff seeks class action status, to represent "all persons in the United States who have purchased Verizon service plans and been subject to charges for activation fees and/or telecommuncations charges that Verizon agreed to waive and/or not charge as part of said plans." Docket No. 1-2. Plaintiff demands a jury and prays for damages to include treble damages, punitive damages, costs and attorneys' fees. *Id.*

Defendants removed the action to this Court and now ask the Court to stay the proceeding and compel arbitration of this dispute, per the Consumer Agreement ("the Agreement") signed by Plaintiff. That Agreement provides, among other things, that the parties agree to resolve disputes only by arbitration or in small claims court. Docket No. 14. The Agreement provides that, for claims of $10,000 or less, a party may bring an individual action in small claims court. *Id.* In addition, the Agreement states: "This Agreement doesn't allow class arbitration."

Plaintiff asks the Court to deny Defendants' Motion or to defer ruling until Plaintiff has had four months to conduct arbitration-related discovery. Docket Nos. 16-17. Plaintiff argues that he needs discovery in order to fully challenge the validity of the Agreement, but Plaintiff has admitted that the Agreement was a valid and enforceable contract. Docket No. 1-2, ¶ 38.

Plaintiff has failed to carry his burden to show that he needs discovery to respond to Defendants' Motion. Plaintiff has failed to show any disputed issues of fact with regard to whether he entered into this Agreement, whether it was valid, or whether he made a knowing and voluntary waiver of his rights to a jury trial. Accordingly, Plaintiff's request for discovery is DENIED.

ARBITRATION

The Federal Arbitration Act ("FAA") was enacted in 1925 in response to widespread judicial hostility to arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1745 (2011). The FAA states that arbitration provisions shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. *Id.*; 9 U.S.C. § 2.[1]

---

[1] The language of the arbitration agreement must be viewed in light of the strong federal policy in favor of arbitration. *Wilks v. Pep Boys*, 241 F.Supp.2d 860, 863 (M.D. Tenn. 2003). Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id.*

2

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties have agreed to arbitrate the dispute at issue.[2] *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). If the court is satisfied that the agreement to arbitrate is not "in issue," it must compel arbitration. *Id*. In order to show that the agreement to arbitrate is "in issue," the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate. *Id*. The required showing mirrors that required to withstand summary judgment in a civil action. *Id*.

As noted above, Plaintiff has failed to show a genuine issue of material fact as to the validity of this agreement to arbitrate. The Court finds that Plaintiff is bound by the arbitration provision of the contract which he agrees is valid and enforceable.

Plaintiff also claims that he complied with the arbitration provision by filing his lawsuit in "small claims court." The Agreement limits those cases which can be filed in small claims court, however, to individual claims of $10,000 or less. Plaintiff's case is a proposed nationwide class action and seeks damages clearly exceeding $10,000. Plaintiff's Amended Complaint does not fit within the scope of the small claims court exception to arbitration.[3]

## CONCLUSION

---

[2] In deciding whether a valid agreement to arbitrate exists, district courts may consider only claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole. *Great Earth*, 288 F.3d at 889. Once the district court determines that a valid agreement to arbitrate exists, challenges to other distinct parts of the contract are to be resolved by the arbitrator. *Id*.

[3] The parties dispute whether, in fact, Plaintiff's filing in state court was a filing in "small claims court," but the Court need not reach that issue.

Plaintiff's two objections to arbitration are without merit. Defendants' Motion to Arbitrate is GRANTED, and Plaintiff's Motion to Deny or Defer is DENIED. This action is stayed, pending resolution of the arbitration proceedings between these parties.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE